UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Johnathon Craig McClellan,

Plaintiff,

vs.

Patrick D. McGowan, Hennepin County Sheriff, and seven unidentified employees, also known as John and Jane Doe's,

Defendants.

ORDER
and
REPORT AND RECOMMENDATION

Civ. No. 1-1465 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of August, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A) and (B), upon an initial screening of the Plaintiff's Complaint, pursuant to Title 28 U.S.C. §1915A, and upon the Plaintiff's Application to Proceed in forma pauperis, his Motion for Appointment of Counsel, and his Motion to Waive Fees and Photocopying Requirements. For these purposes, the Plaintiff appears pro se and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For

FILED AUG 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

reasons which follow, we recommend that the Plaintiff's Application to Proceed in forma pauperis be denied. We further deny his Motion for Appointment of Counsel, and his Motion to Waive Photocopying Requirements and Fees.

II. Discussion

A. Motion to Proceed In Forma Pauperis. As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These

> payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998).

Here, the Plaintiff has supplied a prison trust account statement certifying that, during the three month period immediately preceding the filing of the Complaint,[1] the average monthly deposits into his trust account equaled $51.85, and his average monthly balance was $124.01. Since the Plaintiff has not been incarcerated for six months, however, he only satisfies the requirements of Section 1915(b)(1)(a). Therefore, he is required to pay twenty percent of his average monthly deposits to the prison account. Consequently, the Plaintiff is obligated to pay $10.37 to initiate this action, with the remainder to be paid in installments. See, Title 28 U.S.C. §1915(b)(1)-(2). In the interim, the Plaintiff will be permitted to proceed with his civil action. Thus, we recommend that the Plaintiff's Application to Proceed in forma pauperis be denied.

B. Motion for Appointment of Counsel. In his Complaint, the Plaintiff alleges that he was subjected to the use of excessive force, and he was denied access to the Courts and medical care,

---

[1]While we would usually look at the immediately preceding six months in determining the amount the Plaintiff must pay, he has only been incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota, for the last three months.

while he was in the care of the Hennepin County jail. Accordingly, he has commenced this action in accordance with 42 U.S.C. §1983, against the Defendants and, by this Motion, he requests an appointment of counsel. In support of this Motion, he stresses that he is indigent, he cannot afford to hire an attorney, he has limited access to legal materials, and that this is a complex case.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel * * *.").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present

his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claim, however, upon our review of the submissions which he has submitted to the Court thus far, we are satisfied that he possesses the capacity to develop and articulate the grievances which are presented by his Complaint.

Accordingly, at this preliminary juncture, we deny the Plaintiff's Motion for an appointment of counsel but, upon a proper showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.

C. <u>Motion to Waive Fees and Photocopying Requirements</u>. The Plaintiff is currently incarcerated Minnesota Correctional Facility in Fairbault, Minnesota ("MCF-Fairbault"). The Plaintiff advises this Court that he cannot make copies of his legal materials in prison unless he turns them over to prison personal, and that he cannot be present when the copies are made. The Plaintiff also requests that we waive the photocopying fee that is imposed by the prison.

We find, however, that, even if we were inclined to grant the Plaintiff's Motion, his Motion is directed toward the actions of a non-party over whom we do not have jurisdiction. The Plaintiff's case is against Hennepin County officials, in their individual capacities, but the Plaintiff is incarcerated MCF-Fairbault, a State Correctional facility. Thus, our jurisdiction does not extend to MCF-Fairbault. Therefore, we are required to deny the Plaintiff's Motion, as we are without jurisdiction to grant his requested relief.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion for Appointment of Counsel [Docket No. 3] is denied.

2. That the Plaintiff's Motion to Waive Fees and Photocopying Requirements [Docket No. 6] is denied.

3. That the Clerk of Court shall issue a Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon the Defendants as directed by the Plaintiff, and that all costs of service shall be advanced by the United States.

AND, It is --

RECOMMENDED:

That the Plaintiff's Application to Proceed in forma pauperis [Docket No. 5] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 10, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 10, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.