UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Johnathon Craig McClellan,

Plaintiff,

vs.

ORDER

Patrick D. McGowan,
Hennepin County Sheriff,
and seven unidentified
employees, also known as
John and Jane Doe's,

Defendants.

Civ. No. 01-1465 (ADM/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of October, 2001.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

This matter was initiated on August 10, 2001, by the filing of a Complaint under Title 42 U.S.C. §1983. Thereafter, on August 24, 2001, the Plaintiff wrote a letter to the Clerk of Court, requesting that the Court order the Hennepin County Jail to preserve a video tape of May 24 - 25, 2000, as he believes that it is relevant to the case, and is crucial evidence. Moreover, on

FILED OCT 03 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

October 1, 2001, the Plaintiff formally requested that the Defendants preserve a number of pieces of evidence, including the May 24-26, 2000 video surveillance tape of the booking area, as well as the May 24-25, 2000 video surveillance tape of the segregation portion of the booking area. The Plaintiff has also provided the Court with his request, under Rule 34, Federal Rules of Civil Procedure, that the Defendants provide him with certain discovery. We simply wish to advise the Plaintiff that he need not send his discovery requests to the Court, unless the Defendants fail to answer the requests in the time provided by the Federal Rules of Civil Procedure. That does not appear to be the circumstance in this case, as the October 1, 2001 correspondence with the Court, and with the Defendants, appears to be the first attempt by the Plaintiff to obtain such information. Moreover, although we provide no opinion as to whether the information that the Plaintiff requests be preserved is in fact relevant to this case, we do direct the Defendants to preserve any evidence which bears upon the Plaintiff's claims.[1]

NOW, THEREFORE, It is --

---

[1]The Plaintiff had previously asked for an extension of time in which to respond to the Defendants' Answer to his Complaint, which was filed on September 17, 2001. While such a response is not necessary at this stage, we note that the Plaintiff has already filed his response and, as such, his Motion for an extension of time is denied, as moot.

ORDERED:

1. That the Plaintiff's Motion to Compel the Production of Documents and Photos [Docket No. 17] is DENIED, but without prejudice to its renewal at a later time, if necessary.

2. That the Plaintiff's Motion to Preserve Discovery Evidence [Docket No. 18] is GRANTED, to the extent outlined in the text of this Order.

3. That the Plaintiff's Motion for an Extension of Time to Rebut the Answer of the Defendants [Docket No. 14] is DENIED, as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE