UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Johnathon C. McClellan,

Plaintiff,

vs. ORDER

Patrick D. McGowan,
Hennepin County Sheriff,
and seven unidentified
employees, also known as
John and Jane Doe's,

Defendants. Civ. No. 01-1465 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of February, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

In this action, which was filed on August 10, 2001, the Plaintiff claims that the Defendants have violated his rights under Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He has further alleged the common law claims of assault and battery, and negligence. The Plaintiff seeks a Declaratory Judgment, as well as compensatory and punitive damages.

(35)

FILED FEB 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The original Complaint named, as Defendants, the Sheriff of Hennepin County, as well as seven other unidentified employees of that County. On January 16, 2002, the Plaintiff filed a Motion for Leave to File an Amended Complaint, in order to name the previously unidentified Defendants. The Defendants do not oppose this amendment. See, Docket No. 33.

A. Standard of Review. Where, as here, a plaintiff seeks to amend his Complaint, Rule 15(a), Federal Rules of Civil Procedure, dictates that leave to amend shall be "freely given when justice so requires." DeRoche v. All American Bottling Corp., 38 F. Supp.2d 1102, 1105-06 (D. Minn. 1998). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, ARE Sikeston v. Weslock National, Inc., 120 F.3d 820, 832 (8th Cir. 1997); Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Although we begin with a presumption of liberality, the right to amend is not absolute, see, Floyd v. State of Missouri Dept. of

Social Services, Div. of Family Services, 188 F.3d 932, 939 (8th Cir. 1999), and an amendment to a pleading can be successfully challenged on the grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted. See, Becker v. Univ. of Nebraska, at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); but cf., Karl's Inc. v. Sunrise Computers, Inc., 901 F.2d 657, 660 (8th Cir. 1990)("colorable showing" sufficient to withstand application of clearly frivolous rule).

2. Legal Analysis. In this case, the Plaintiff merely seeks to amend his Complaint in order to provide the identity of the previously unidentified Defendants. It does not appear that the Plaintiff delayed in seeking this amendment, and we find that no prejudice would result if the Motion is granted. Therefore, we grant the Plaintiff's Motion to Amend his Complaint, and we direct the Plaintiff to file his Amended Complaint with the Clerk of Court, and to provide the Clerk of Court with sufficient copies of the Amended Complaint, along with the appropriate forms, and Summonses, for service, by the United States Marshals, unless counsel for the Defendants, including those to be newly joined,

agrees to accept service on behalf of the Defendants, so as to minimize costs, and the potential inconvenience, and embarrassment to those who will be served. If defense counsel is amenable to accepting such service, she should advise the Plaintiff of that acceptance **by no later than February 14, 2002.**

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Complaint [Docket No. 32] is GRANTED, and the Plaintiff is direct to file the Amended Complaint, as well as enough copies of the Amended Complaint for service on the newly identified Defendants, with the Clerk of Courts.

2. That service of the Summons and Amended Complaint shall be in accordance with the procedures, which are detailed, in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE