UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Jonathon McClelland,

Plaintiff,

vs. MINUTE ORDER

Patrick McGowan-Hennepin County Sheriff and the following deputies, Thomas Tichich, Ryan Law, [Nancy] Warolin, Mathew Keith, Joseph Schwartz, S[arah] Skweres-RN, Amanda Moran,

Defendants. Civ. No. 01-1465 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 23rd day of September, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion to Compel. At the time of the Hearing, the Plaintiff appeared by Michael J. Dougherty, Esq.; the Defendants Patrick McGowan, Thomas Tichich, Joseph Schwartz, Amanda Moran, and Sarah Skweres, appeared by Toni R. Beitz, Assistant Hennepin County Attorney; and the Defendants Ryan Law, and Joseph Schwartz, appeared by Joseph B. Marshall, Esq. For reasons expressed during

FILED SEP 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the course of the Hearing, and briefly reiterated below, we grant, in part, the Plaintiff's Motion to Compel.

## II. Discussion

A. The Defendants' Social Security Numbers. The Plaintiff has requested the Defendants to produce, among other information, their Social Security numbers, and their dates of birth. According to the Plaintiff, this information is essential, if he is to discover the past disciplinary record of each Defendant. Counsel for the Defendants advised, however, that the date of birth of each of the Defendants would be sufficient for the purposes the Plaintiff has identified, and the Defendants will provide dates of birth, but they object to providing the Plaintiff with their Social Security numbers. As we stated, at the time of the Hearing, Social Security numbers are "broadly recognized as confidential information." Bodah v. Lakeville Motor Express, Inc., 649 N.W.2d 859, 862-63 (Minn. App. 2002)(recognizing the "very sensitive and important nature of the social security numbers * * *."). Absent a showing of cause, we limit the Plaintiff's discovery to the Defendants' birth dates but, if such a limitation proves to be unworkable, then the Plaintiff is at liberty to renew his Motion for the Defendants' Social Security numbers.

B. The Plaintiff's Request for Employment and Medical Authorizations. The Plaintiff seeks authorization to inspect each of

the Defendant's medical and employment records, ostensibly in order to gather Rule 404(b) evidence. We are satisfied that employment records, for the five years previous to this Order, are sufficient for the purposes the Plaintiff has identified. We deny the request for medical authorizations, as the Defendants have not placed their medical condition in controversy. See, O'Sullivan v. State of Minnesota, 176 F.R.D. 325 (D. Minn. 1997).

C. Scheduling Order. This case is currently without a Pre-trial Scheduling Order and, at the time of the Hearing, we directed counsel to "meet and confer" so as to submit suggested pretrial deadlines for this Court's consideration. We further expressed the view that this case should be "Ready for Trial" within six months from now, as a general guideline to assist the parties in their proposal of pretrial deadlines.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel [Docket No. 67] be GRANTED, in part, as more fully expressed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE