**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Johnathon C. McClellan,

Plaintiff,

v.

Patrick D. McGowan, Hennepin County Sheriff, and the following deputies: Thomas Tichich, Ryan Law, Warolin, Matthew Keith, Joseph Schwartz, S. Skweres, R.N., and Amanda Moran,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1465 ADM/RLE

---

Michael J. Dougherty, Esq., Saint Paul, Minnesota, on behalf of the Plaintiff.

Toni A. Beitz, Sr. Assistant Hennepin County Attorney, on behalf of the Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Johnathon C. McClellan's ("Plaintiff") Objections [Doc. No. 74] to the Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Doc. No. 66]. The R&R recommends that Defendants' Motion for Partial Summary Judgment [Doc. No. 42] be granted. For the reasons set forth below, the R&R is adopted. The factual background is set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present Objections.



SEP 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

The district court must undertake an independent, *de novo*, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.1(c)(2).

Plaintiff objects to the R&R's recommended grant of summary judgment on his claims of supervisor liability under § 1983, deprivation of medical care in violation of the Eighth Amendment, and denial of his Sixth Amendment right of access to the courts. Plaintiff does not object to the recommendation regarding his due process and equal protection claims.

### A. Defendant McGowan's Motion for Summary Judgment on Constitutional Claims

Plaintiff argues that Patrick D. McGowan ("McGowan"), the Hennepin County Sheriff, is liable for the unconstitutional acts of his subordinates against Plaintiff because he was deliberately indifferent to the alleged violation of Plaintiff's constitutional rights. Plaintiff claims the R&R fails to appropriately consider evidence of complaints against the Hennepin County Sheriff's Department ("Department") and against two Defendants. Plaintiff contends that these prior complaints put McGowan on notice of a pattern of deliberate violations of individual rights by the deputies McGowan supervises.

To establish supervisor liability under 42 U.S.C. § 1983, Plaintiff must show McGowan participated in the violation of Plaintiff's constitutional rights or failed to properly train or supervise the responsible employees. Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (quoting Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996)). A claim for failure to supervise requires proof that McGowan:

> (1) [r]eceived notice of a pattern of unconstitutional acts committed by subordinates;
>
> (2) [d]emonstrated deliberate indifference to or tacit authorization of the offensive acts;
>
> (3) [f]ailed to take sufficient remedial action; and
>
> (4) [t]hat such failure proximately caused injury to [Plaintiff].

Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) (quoting Jane Doe "A" v. Special Sch. Dist. of St. Louis County, 901 F.3d 642, 645 (8th Cir. 1990)).

Plaintiff asserts that the approximately 100 claims brought against Hennepin County for alleged violations of civil rights since McGowan began as Sheriff in 1995, establish a pattern or custom of unconstitutional conduct by Department deputies. Additionally, Plaintiff argues that two of the Defendants in this case were subjects of internal investigation for the use of excessive force. In each of the investigations involving the two Defendants the allegations of excessive force were not sustained.

Prior unproven complaints of use of unnecessary force, such as those made against two of the above-named Defendants, are not sufficient to show an established pattern of unconstitutional behavior. See Mettler v. Whitledge, 165 F.3d 1197, 1204-1205 (8th Cir. 1999) (finding that seven unsustained complaints against one defendant deputy, and one unsustained and one partially sustained prior complaint against another defendant deputy, did not rise to the level of a widespread pattern). Furthermore, reports of past lawsuits and complaints do not, standing alone, evidence a pervasive custom of unconstitutional action. See Ward v. City of Des Moines, 184 F. Supp. 2d 892, 897-98 (S.D. Iowa 2002).

Plaintiff does not present evidence of any sustained allegations of actual constitutional violations by the Defendants. Without a showing of consistent incidents of Department employee misbehavior, Plaintiff can prove neither a widespread pattern of unconstitutional acts, nor notice to McGowan, both of which are necessary for a claim of failure to supervise. Otey, 121 F.3d at 1155. He cannot, therefore, establish a claim against McGowan for supervisor liability under § 1983.[1]

**B. Lack of Medical Attention**

Plaintiff contends that the R&R's conclusion on his claim of medical inattention is in error because it is based on reports and testimony of Nurse Skweres ("Skweres") that are contradicted by videotape evidence of her visit to Plaintiff's cell. Plaintiff asserts that by accepting Skweres' version of the events, the R&R fails to adhere to the requirement that the court view the evidence in the light most favorable to Plaintiff for purposes of this Motion.

A violation of the Eighth Amendment due to lack of medical treatment occurs only when the alleged deprivation is "objectively, sufficiently serious" and the prison official has "a sufficiently culpable state of mind" such that he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). Interpreting this rule, the Eighth Circuit has stated that a prisoner must show "deliberate indifference to a serious medical need." Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995).

---

[1]The R&R also addresses the "failure to train" component of supervisor liability for constitutional violations of subordinates. See R&R at 18-19. Plaintiff's objections do not appear to contest the R&R's holding on this point and Plaintiff does not offer any evidence of deficient training.

According to Plaintiff, a videotape of the area in front of Plaintiff's cell reveals that Defendant Skweres never looked at Plaintiff's face or head, areas where he alleges he was assaulted, and did not touch his hand when he passed it through the cell door for examination. However, Plaintiff's Objections do not contest Skweres' affidavit testimony that she checked on him again at 3:00 a.m. and then visually reassessed his physical state during his booking at 4:30 a.m. the same morning. Such evidence, even when viewed in the requisite favorable light to Plaintiff, does not demonstrate the deliberate indifference required for a prima facie claim of unconstitutional lack of medical attention.

Even assuming, as Plaintiff argues, that Skweres' examination of Plaintiff on May 25, 2000, when she visited his cell an hour and a half after the alleged altercation, was so inadequate as to amount to purposeful indifference, Plaintiff presents no evidence of an excessive health risk or serious medical need. Plaintiff's medical reports establish that Plaintiff had swollen, red areas and superficial scratches on various parts of his body, including swelling of his left hand. Though likely uncomfortable for the Plaintiff, he does not offer any evidence that these injuries posed an excessive risk to his health that would have been blatantly obvious to a lay observer. Aswegan, 49 F.3d at 464 (holding that objectively serious need must be "obvious to the layperson or supported by medical evidence"). Further, Plaintiff does not argue that the Department's delay in administering pain medication and conducting a more thorough examination of Plaintiff caused him any serious harm or exacerbated his condition. See Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995), quoting Hill v. Dekalb Reg. Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994) (stating that an inmate must prove "the detrimental effect of delay in medical treatment to succeed" in claiming such a delay violated the

constitution). Skweres' conduct, while potentially inadequate and in violation of the Department rules on medical care, did not rise to the level of contravening the Eighth Amendment.

**C. Denial of Access to the Courts**

In his final objection, Plaintiff challenges the finding that summary judgment should be granted on Plaintiff's claim of denial of access to the courts in violation of the Sixth Amendment. Plaintiff argues that his lack of access to a telephone during business hours and the Department's refusal to let Plaintiff's attorney bring a camera into the facility until approximately 24 hours after the alleged altercation interfered with his presentation of his case.

A claim for denial of access to the courts requires Plaintiff to demonstrate violation of a right that frustrates or impedes "a nonfrivolous legal claim." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)). A plaintiff must therefore show "actual injury" to succeed in proving denial of access to the courts. Lewis, 518 U.S. at 349.

Here, Plaintiff has not asserted that his legal claim against the Defendants was impeded or frustrated. Plaintiff cites no authority that a delay in talking to one's attorney and photographing injuries, without more, violates the Sixth Amendment. While he may have been inconvenienced by these delays, Plaintiff presents no evidence to indicate that his case was prejudiced.

Plaintiff claims that the R&R erred in determining that the delay he experienced in accessing a telephone to call an attorney did not constitute injury. The harm, Plaintiff asserts, "flows from the violation itself." While violation of one's constitutional rights unarguably harms

an individual, *to establish the violation* of the Sixth Amendment right of access to the courts, a plaintiff must show actual injury to his legal claim, a distinct harm necessary to prove an infringement of this constitutional right. Lewis, 518 U.S. at 349. Without setting forth some evidence that the Department's actions "hindered his efforts to pursue a legal claim," such that his case was prejudiced in some way by Defendants' conduct, Plaintiff's argument of denial of access to the courts must fail. Id. at 353.

**D. Jurisdiction Over Remaining Claims**

After dismissal of Plaintiff's constitutional claims, his claims of assault, battery, and negligence remain. These causes of action are governed by Minnesota state law, and therefore do not provide federal question jurisdiction. No diversity jurisdiction exists in this case because both parties are citizens of Minnesota. When a district court has "dismissed all claims over which it has original jurisdiction," supplemental jurisdiction over state law claims becomes a matter of the court's discretion. 28 U.S.C. § 1367(c)(3) (2002). "[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity." Gregoire v. Class, 236 F.3d 413, 419-20 (8th Cir. 2000) (internal quotations omitted). Accordingly, the Court declines to exercise jurisdiction over Plaintiff's remaining claims. Plaintiff's assault, battery, and negligence claims are dismissed without prejudice so that he may litigate these state law claims in state court.

## III. ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 74] are **DENIED**,
2. The R&R [Doc. No. 66] is **ADOPTED**,

   and
3. Defendants' Motion for Partial Summary Judgment [Doc. No. 42] is **GRANTED**.
4. The assault, battery, and negligence claims are **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: September 26, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.