**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Johnathon C. McClellan,

Plaintiff,

v.

Hennepin County Deputies Thomas Tichich, Ryan Law, Nancy Warolin Mosack, Matthew Keith, Joseph Schwartz, and Amanda Moran,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1465 ADM/RLE

---

Michael J. Dougherty, Esq., Saint Paul, Minnesota, on behalf of the Plaintiff.

Toni A. Beitz, Sr. Assistant Hennepin County Attorney, on behalf of Defendants Thomas Tichich, Joseph Schwartz, and Amanda Moran.

---

## I. INTRODUCTION

This matter is now before the undersigned United States District Court Judge pursuant to Plaintiff Johnathon C. McClellan's ("Plaintiff") Motion for a New Trial [Docket No. 121]. The jury in the above-entitled action returned a verdict January 10, 2003 [Docket No. 111], finding in favor of all Defendants on Plaintiff's excessive force, assault, and battery claims (those remaining at the time of trial). Plaintiff asserts that evidentiary errors during trial warrant vacation of this verdict and a second trial. For the reasons stated below, Plaintiff's Motion is denied.

## II. DISCUSSION

Plaintiff contends that he is entitled to a new trial on two grounds. See Fed. R. Civ. P. 59(a). He argues the Court erred in excluding as an exhibit Rule 9-301A of the Hennepin County

FILED 2-5-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Sheriff's Office Policies and Procedures, regarding the acceptable use of physical force. Secondly, he challenges the Court's ruling that a videotape used for impeachment purposes could be shown only after the witness had testified and without explanation by Plaintiff's counsel.

The determination of whether to grant or deny a new trial is committed to the discretion of the district court. Walzer v. St. Joseph State Hosp., 231 F.3d 1108, 1111 (8th Cir. 2000) (citing McDonough Power Equip. v. Greenwood, 464 U.S. 548, 556 (1984)). A motion for a new trial should be granted only where the verdict is against the weight of the evidence to such a degree that a new trial is necessary to prevent a miscarriage of justice. Mathieu v. Gopher News Co., 273 F.3d 769, 785-86 (8th Cir. 2001) (citation omitted); see also Harrison v. Purdy Bros. Trucking, 312 F.3d 346, 351 (8th Cir. 2002). "An allegedly erroneous evidentiary ruling does not warrant a new trial unless 'the evidence was so prejudicial that a new trial would likely produce a different result.'" Harrison, 312 F.3d at 351 (internal quotation omitted).

Plaintiff seeks a new trial on the basis of the exclusion of one piece of evidence and alleged mishandling of another piece of evidence. Neither of these evidentiary contentions merits a new trial. Plaintiff complains that the Court's ruling as to the admissibility of a rule of the Sheriff's Policies and Procedures was erroneous because it deprived the jury of the right to consider whether or not the Defendants acted in justifiable self-defense. However, as addressed at trial, the issue in Plaintiff's claim of excessive force was the *constitutionality* of the Defendants' actions, not their adherence to the policy on the use of force within the Sheriff's Department. Plaintiff was provided ample opportunity to introduce a variety of other evidence to establish the essential elements of his case, such that even if not admitting the policy was improper, there is no indication that a new trial would result differently. The jury was properly

instructed on the meaning of unconstitutional excessive force, assault, and battery, and found the relevant factors had not be proven. There is no basis for overturing this determination. See Beckman v. Mayo Found., 804 F.2d 435, 439 (8th Cir. 1986) (stating the court must not usurp the role of the jury).

Plaintiff additionally argues he should have been allowed to present an allegedly impeaching videotape at the time of witness Nurse Skweres' live testimony and to comment on the content of the tape. Plaintiff was permitted to play the tape during his rebuttal case. He claims that under these circumstances the jury was unable to appreciate the tape's function of and value in undermining the witness' credibility, who, in turn, was questioning Plaintiff's credibility as to the seriousness and extent of his injuries. Again, even assuming error in these rulings, there is absolutely no intimation that these purported omissions caused a miscarriage of justice. The jury was free to consider Plaintiff's own testimony regarding his injuries and his interaction with Nurse Skweres, as well as Plaintiff's proffered eyewitness testimony and photographs. Plaintiff has not established that a new trial is required to avoid injustice.

After a four-day trial and the observation of 55 exhibits and the testimony of 20 witnesses, the jury had an abundance of evidence from which they could very reasonably conclude that Plaintiff failed to meet his burden of proof by a preponderance of the evidence of all the requisite elements of his claims. Plaintiff's credibility was drawn into question not only by the contradictory testimony of each Defendant, but by multiple sources of impeaching evidence, even including the videotape Plaintiff himself submitted in evidence. Further, Plaintiff's eyewitnesses were impeached by prior inconsistent statements and discrepancies on the stand. Based on this evidence before the jury, it is apparent that a verdict for all Defendants

and against Plaintiff was rational and appropriate and caused no miscarriage of justice.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a New Trial [Docket No. 121] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 5, 2003